UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON, JR.,

        Plaintiff,

v.

ELITE STAFFING INC.,

        Defendant.

Case No. 21-CV-1072-JPS

**ORDER**

On March 25, 2021, Plaintiff Melvin Stevenson, Jr. ("Stevenson") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Elite Staffing, Inc. ("Elite"), his former employer. ECF No. 1–2 at 9. The EEOC issued Stevenson a notice of right to sue on August 2, 2021. *Id.* at 10. On August 5, 2021, Stevenson filed a complaint against Elite in the Milwaukee County Circuit Court. ECF No. 1–2. Stevenson alleges claims for race discrimination, unlawful retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as state law claims for breach of contract, misclassification, emotional distress, loss of wages, employer negligence, defamation, and labor abuse crimes. *Id.* at 3. Stevenson's summons also references a claim for fraud. *Id.* at 1.

On September 15, 2021, Elite filed a notice of removal. ECF No. 1. On September 22, 2021, Elite filed a partial motion to dismiss all of Stevenson's claims except for those brought under Title VII. ECF No. 5. On September 29, 2021, the Court denied the motion without prejudice. ECF No. 11. The Court directed the parties to meet and confer such that Stevenson may consider amending his complaint to address any alleged deficiencies, thus

obviating the need for a motion. *Id.* If the parties were not able to resolve the underlying issues, they were to refile the motion "with a joint certification stating that they have complied with the meet-and-confer obligation, along with [a] joint statement of facts." *Id.* at 2.

Following entry of the Court's order, on October 12, 2021 and October 14, 2021, Elite and Stevenson submitted status reports. ECF Nos. 14, 15, 17. The parties reported that their meet-and-confer process had been unsuccessful. *Id.* In its status report, Elite requested leave to refile its partial motion to dismiss. ECF No. 14 at 3. On October 19, 2021, the Court denied Elite's request. ECF No. 18 at 2. The Court once again instructed the parties to meet and confer, or, alternatively, to agree to a statement of facts. *Id.*

Thereafter, on November 8, 2021, Elite filed a second status report on the parties' meet-and-confer process and represented that the parties had again been unsuccessful. ECF Nos. 19, 20. Elite again requested leave to refile its partial motion to dismiss. ECF No. 19 at 6. On November 22, 2021, Stevenson filed a second status report and concurred that the meet-and-confer was unsuccessful. ECF Nos. 25, 26.

On December 16, 2021, Stevenson filed a motion for sanctions against Elite, Elite's counsel Attorney Mark Johnson ("Attorney Johnson"), and Attorney Johnson's assistant Alyssa Sankey ("Sankey"). ECF Nos. 32–34. Elite responded to the motion for sanctions on January 3, 2022. ECF No. 35. On January 10, 2022, Stevenson filed a second declaration in support of his motion for sanctions. ECF No. 38. On January 24, 2022, Stevenson filed a third declaration in support of his motion for sanctions. ECF No. 45.

On December 7, 2021 and January 10, 2022, Stevenson filed two documents docketed as a status report and response, respectively. ECF Nos. 29, 37. Elite construed these documents as a motion to compel discovery and, on January 14, 2022, filed a response. ECF No. 41. On January 14, 2022 and January 19, 2022, Attorney Johnson and Sankey filed three supplemental declarations attaching transcripts of voicemails they had received from Stevenson. ECF Nos. 39, 40, 43.

Finally, on February 22, 2022, Stevenson filed a request for recusal of District Court Judge Brett H. Ludwig, who is presiding over a separate case brought by Stevenson against General Mills Inc. ("General Mills"). *See Stevenson v. General Mills Inc.*, 21-CV-1052-BHL (E.D. Wis.). The Court will address each submission and motion herein.

1. **THE PARTIES' MEET-AND-CONFER PROCESS**

Based upon the submissions received from Stevenson and Elite, Stevenson did not adequately complete the meet-and-confer requirement. While the Court does not have the time, the interest, or the resources to sift through the parties' various reports on their meet-and-confer process, the Court alerts Stevenson to certain issues of which he should take heed. Although Stevenson appears pro se, and, as such, "benefit[s] from various procedural protections not otherwise afforded to the attorney-represented litigant," *Jones v. Phipps*, 39 F.3d 159, 163 (7th Cir. 1994), Stevenson may not "disregard clearly communicated court orders . . . . [Nor] choose which of the court's rules and orders [he] will follow, and which [he] will willfully disregard." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

Stevenson continues to represent that he will not agree to a joint statement of facts without document discovery. ECF Nos. 17, 25, 26. The Court's prior orders were clear that Stevenson could be entitled to document discovery prior to approving Elite's proposed joint statement of facts *only if such facts relied upon extraneous documents*. ECF No. 18 at 2. The Court's review of Elite's proposed joint statement of facts indicates that the facts were taken directly from the Complaint and include paragraph citations thereto. ECF No. 15–1 at 6–7, ECF No. 20–1 at 6–7. Stevenson had an obligation to identify any facts that appeared to rely on extraneous documents. ECF No. 18 at 2. Stevenson did not do so. In any event, it appears that he would not have been able to identify any such facts. ECF Nos. 15–1, 20–1. Accordingly, because the Court has already given Stevenson *two opportunities* to amend his Complaint, the Court will address the motion for partial dismissal.

## 2. MOTION FOR PARTIAL DISMISSAL

### 2.1 Legal Standard

Federal Rule of Civil Procedure 12(b) provides for the dismissal of complaints which, among other things, "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

### 2.2. Relevant Allegations

Elite is a temporary staffing and employment services agency doing business in Milwaukee, Wisconsin. ECF No. 1–2 at 3. Elite hired Stevenson on March 11, 2020. *Id.* Elite assigned Stevenson to work as a general labor contractor for General Mills. *Id.* During Stevenson's employment with Elite, Stevenson alleges that he received positive performance reviews.[1] *Id.* at 5.

Nonetheless, Stevenson alleges misconduct by two supervisors. *Id.* at 3, 5. According to Stevenson, these supervisors shared an Elite office on site at General Mills. *Id.* at 6. First, Stevenson alleges that one supervisor ("Ms. Carter") insulted Stevenson by yelling at him and telling him to go home because he was 15 minutes late for his shift. *Id.* at 5. Stevenson avers that he was 15 minutes late because he has a medical condition. *Id.* Ms. Carter allegedly sent him home anyway, which Mr. Stevenson maintains was an "unlawful order to end [his] contract." *Id.* Stevenson contends that

---

[1] The Court considers the EEOC "rebuttal statement" attached to Stevenson's Complaint as part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (incorporating EEOC charges attached to a complaint into the plaintiffs' pleadings).

this issue happened at least twice. *Id.* at 6. Stevenson states that he reported this misconduct to Elite at Elite's main office. *Id.* Stevenson alleges that Ms. Carter then "had retaliatory motive" and discussed Stevenson with another supervisor ("Mr. Frierson"). *Id.*

Thereafter, according to Stevenson, Mr. Frierson referred to Stevenson using racial epithets and cursed at Stevenson in a threatening manner. *Id.* at 3, 6. Stevenson also alleges that Mr. Frierson "moved [him] back to packaging," which Stevenson represents as a demotion. *Id.* at 6. Stevenson states that he reported Mr. Frierson's use of racial epithets and cursing to Elite on November 21, 2020, but the issues continued. *Id.* Following his complaint, Elite fired Stevenson on February 21, 2021. *Id.* at 4. Elite told Stevenson that he was terminated because he used profanity on the job site towards his superiors and coworkers. *Id.* at 5. Stevenson maintains that he never used profanity. *Id.*

Based on these facts, Stevenson alleges that he was subject to racial discrimination, retaliation, and a hostile work environment under Title VII. He also alleges breach of contract, misclassification, emotional distress, loss of wages, employer negligence, defamation, and labor abuse crimes. *Id.* at 3. Stevenson's summons also references a claim for fraud. *Id.* at 1.

### 2.3    Analysis

Elite moves to dismiss all of Stevenson's claims except for the three claims brought under Title VII (race discrimination, unlawful retaliation, and hostile work environment). Specifically, Elite moves to dismiss Stevenson's state law claims[2] for breach of contract, misclassification, fraud,

---

[2]While these claims arise under state law, the Court maintains subject-matter jurisdiction over them by exercising supplemental jurisdiction by way

defamation, employer negligence, emotional distress, loss of wages, and labor abuse crimes. ECF No. 23 at 1.

Stevenson did not file a response to Elite's partial motion to dismiss. This is sufficient to warrant dismissal of the challenged claims. *See Jackson v. Vartanian*, No. 20-C-1148, 2021 WL 4523072, at *4 (E.D. Wis. Oct. 4, 2021) (dismissing plaintiff's claim because he failed to respond to defendant's arguments). In the interests of justice, however, the Court will consider Elite's partial motion to dismiss on its merits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts should evaluate pro se pleadings with an eye toward substantial justice).

### 2.3.1 Breach of Contract

Under Wisconsin law, "[a] breach of contract claim has three elements: (1) a valid contract; (2) a violation or breach of the terms of that contract; and (3) damages." *Schuetta v. Aurora Nat. Life Assur. Co.*, 27 F. Supp. 3d 949, 957 (E.D. Wis. 2014) (citations omitted). Wisconsin's employment-at-will doctrine provides that "where employment is for an indefinite term, an employer may discharge an employee for good cause, for no cause, or even for cause morally wrong, without being thereby guilty of legal wrong." *Tatge v. Chambers & Owen, Inc.*, 579 N.W.2d 217, 222–23 (Wis. 1998) (internal citations omitted). The employment-at-will doctrine has been statutorily modified by, *inter alia*, Title VII. *Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 837–38 (Wis. 1983). This statutory modification allows for a breach of contract action for termination due to alleged discrimination in violation of Title VII. *Id.* at 837–38, 842.

---

of Stevenson's other claims, which he brings under federal law. *See* Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e *et seq*.

While Stevenson's complaint is unartfully pleaded, the Court must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Contrary to Elite's argument, ECF No. 23 at 3, the fact that Stevenson does not plead the legal elements of a breach of contract claim will not defeat the claim where he has alleged sufficient facts. *Id.* Stevenson adequately pleads the existence of a contractual employment relationship. Specifically, Stevenson alleges that he was hired and fired by Elite and references an employment contract with Elite. ECF No. 1–2 at 3, 6. He also alleges facts indicating that his employment may have been terminated for unlawful reasons in violation of Title VII. This is sufficient to give rise to a claim for breach of contract. *See Brockmeyer*, 335 N.W.2d at 837–38, 842.

### 2.3.2 Misclassification[3]

A generic allegation of "misclassification" in the abstract fails to provide Elite with fair notice of the claim brought against it. *See Stanard v.*

---

[3]In his action against General Mills, which is currently pending before Judge Ludwig, Stevenson alleges similar claims to those raised in this action. *See* Order Granting Partial Motion to Dismiss, *Stevenson v. General Mills Inc.*, No. 21-CV-1052-BHL (E.D. Wis. Feb. 11, 2022), ECF No. 20. Because Elite moves to partially dismiss on many of the same bases as General Mills did in that case, the Court reproduces herein certain portions of Judge Ludwig's February 11, 2022 order. On certain claims, however, the Court reaches a different conclusion than Judge Ludwig given the Court's inference from Stevenson's allegations that Stevenson was an *employee* of Elite, but an *independent contractor* of General Mills.

*Nygren*, 658 F.3d 792, 795-96 (7th Cir. 2011) (noting that Fed. R. Civ. P. 8 requires a complaint to give the defendant notice of the plaintiff's claims and the grounds upon which those claims rest). Construing Stevenson's Complaint liberally, which it must, the Court believes that Stevenson may have meant to allege that, pursuant to Wis. Stat. § 109.03(5), Elite misclassified him as an independent contractor, thereby depriving him of certain benefits, including full wages due. To assert a state law claim based on this kind of "misclassification," Stevenson must plead facts that plausibly suggest he is not an independent contractor under Wis. Stat. § 102.07(8)(b)[4] and that he and Elite had an employer-employee relationship. *See Acuity Mut. Ins. Co. v. Olivas*, 726 N.W.2d 258, 273 (Wis. 2007).

Stevenson alleges that he was hired by Elite and references an employment contract with Elite. ECF. No. 1–2 at 3, 6. At one point, Stevenson refers to himself as a "contractor" for Elite, but surrounding context indicates that Stevenson meant to refer to himself as an employee of Elite on assignment with General Mills. ECF No. 1–2 at 3, 5. For example, Stevenson states that Elite placed him on assignment at the General Mills job site. *Id.* at 3. He avers that his supervisors sat in an Elite office on the General Mills job site, which supports that he was an employee of Elite on contract with General Mills. *Id.* at 5–6. He alleges that he was fired by Elite and that Elite gave him an "unlawful order to end [his] contract." *Id.* at 4–

---

[4]Under § 102.07(8)(b), an independent contractor is one who, *inter alia*, maintains a separate business from his employer whereby he operates under specific contracts, is responsible for operating expenses and satisfactory performance of work under those contracts, is paid per contract, has recurring business liabilities, and succeeds and fails depending on whether business expenses exceed income. Wis. Stat. § 102.07(8)(b).

5. Stevenson states that he made his complaints regarding his supervisors' conduct to Elite. *Id.* at 6. Stevenson also alleges that, as part of his termination, "Elite Staffing never had another assignment for [him]." *Id.* at 7. Stevenson further requests lost wages from Elite. *Id.* at 3.

At the pleadings stage, these facts are sufficient to plausibly suggest that Stevenson was an employee, and not an independent contractor, of Elite. The Court will deny Elite's partial motion to dismiss Stevenson's misclassification claim. Whether Stevenson was, in fact, misclassified is not at issue at the pleadings stage.

### 2.3.3 Fraud

Federal Rule of Civil Procedure 9(b) requires dismissal of claims of fraud that are not pleaded with sufficient particularity. *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003); *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (party alleging fraud "must plead the 'who, what, when, and where' of the alleged fraud."). Rule 9(b) sets forth a heightened pleading standard, requiring that facts such as "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" be alleged in detail. *Hefferman v. Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).

Stevenson's complaint does not allege any facts to support his fraud claim, much less the "who, what, when, and where" of the alleged fraud. In light of this, the Court will dismiss Stevenson's fraud claim without prejudice, should Stevenson later seek leave to amend his complaint to plead the same with the requisite particularity.

### 2.3.4 Defamation

To state a claim for defamation under Wisconsin law, Stevenson must plausibly allege that a defamatory statement (1) was spoken to someone other than him, (2) was false, (3) was unprivileged, and (4) tended to harm his reputation. *See Torgerson v. Journal Sentinel, Inc.*, 210 Wis.2d 524, 534 (Wis. 1997). The only defamatory statement Stevenson alleges is a purported conversation between Ms. Carter and Mr. Frierson, during which Ms. Carter allegedly encouraged Mr. Frierson to mistreat Stevenson in retaliation for Stevenson's complaint about her. ECF No. 1–2 at 6.

The Court agrees with Elite, ECF No. 23 at 4, that Stevenson's defamation claim is barred by the exclusive remedy provision of the Wisconsin Worker's Compensation Act ("WCA"). Wis Stat. § 102.03(2); *see also Farady-Sultze v. Aurora Med. Ctr. of Oshkosh, Inc.*, 787 N.W.2d 433, 437 (Wis. Ct. App. 2010) ("[D]efamation claims by an employee against an employer are preempted by the Worker's Compensation Act"). In light of this, the Court will dismiss Stevenson's defamation claim with prejudice.

### 2.3.5 Employer Negligence

Under Wisconsin law, "[a] person is negligent . . . when that person has a duty of care to someone else, breaches that duty, and causes damages to the other person as a result of the breach." *Davis v. Murphy*, No. 20-cv-664, 2020 WL 6361873, at *2 (E.D. Wis. Oct. 29, 2020) (citations omitted). Stevenson's complaint alleges no duty, nor facts sufficient to give rise to a duty. He also alleges neither a breach nor damages.

Even if he did, his claim would fail because it is preempted by the WCA, Wis. Stat. Section 102.03(2). *See Johnson v. Hondo, Inc.*, 125 F.3d 408, 418 (7th Cir. 1997) ("The Wisconsin Supreme Court has repeatedly held that '§102.03(2) precludes an injured employe[e] from maintaining a negligence action against his or her employer and fellow employe[e].'") (quoting *Byers v. Labor and Indus. Review Comm'n*, 561 N.W.2d 678, 684 n.9 (Wis. 1997)). Therefore, the Court will dismiss Stevenson's employer negligence claim with prejudice.

### 2.3.6 Emotional Distress

"The general rule in Wisconsin is that, to recover for the *negligent* infliction of emotional distress, the plaintiff's emotional distress must be manifested by physical injury." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1561 (7th Cir. 1991) (internal citations omitted) (emphasis added). For *intentional* infliction of emotional distress, a plaintiff must plead that the "defendant's conduct was so egregious that the average member of the community would regard the acts forming the basis for the claim as being a complete denial of the plaintiff's dignity as a person." *Id.* at 1559 (internal citations omitted). Stevenson's Complaint is devoid of any facts alleging a physical injury to adequately plead a claim for negligent infliction of emotional distress. Construing the facts in the light most favorable to Stevenson, his Complaint pleads conduct that, if true, is so egregious that it may form the basis of a claim for intentional infliction of emotional distress.

However, any claim for emotional distress fails because it is preempted by the WCA, Wis. Stat. Section 102.03(2). *See Lopez v. Time Warner Cable*, No. 04-C-0869, 2005 WL 8165331, at *2 (E.D. Wis. July 20, 2005) (where employee's "claims of infliction of emotional distress involve actions allegedly committed by employees of [employer], while in the workplace and involving [employee's] terms and conditions of employment," the claims are precluded by § 102.03(2)); *see also Love v. Med. Coll. of Wisconsin*, 371 F. Supp. 3d 489, 495 (E.D. Wis. 2016) ("[I]ntentional infliction of emotional distress claims involve 'injuries' as defined by the WCA and are pre-empted."). Therefore, the Court will dismiss Stevenson's emotional distress claims with prejudice.

### 2.3.7 Loss of Wages and Labor Abuse Crimes

Under Title VII and Wisconsin law, lost wages are a remedy, not an independent claim for relief. *Townsend v. Indiana Univ.*, 995 F.2d 691, 693 (7th Cir. 1993); *Schwartz v. N. Farm Co-op*, 551 N.W.2d 62 (Table), 1996 WL 282409, at *2 (Wis. Ct. App. May 30, 1996). Stevenson has not presented, nor has the Court been able to find, authority establishing a cause of action for "labor abuse crimes" under Wisconsin law. Accordingly, the Court will dismiss Stevenson's claims for loss of wages and labor abuse crimes with prejudice. Stevenson is free to pursue lost wages as a remedy at the appropriate time.

3. **MOTION FOR SANCTIONS**[5]

   3.1 **Federal Rule of Civil Procedure 11**

To the extent Stevenson's motion for sanctions, ECF No. 32, is brought under Federal Rule of Civil Procedure 11, it is procedurally barred. Rule 11 imposes a set of duties on those who file papers with the Court. It also provides for an appropriate sanction to be imposed if those duties are violated. Subpart 11(c)(2) sets out the protocols for obtaining sanctions should a party violate one of those duties:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or

---

[5]Stevenson purports to bring his motion for sanctions under 33 U.S.C. § 931, 18 U.S.C. § 1001, 18 U.S.C. § 1621, 18 U.S.C. § 1623, and Wis. Stat. § 108.04(5), as well as under Rule 37(e)(2)(vi), Rule 11(b)(1), and Rule 11(b)(2) of the Federal Rules of Civil Procedure. ECF Nos. 32, 38, 45. The only plausible rules to support a motion for sanctions on Stevenson's proffered list are Rule 11 and Rule 37. The majority of the listed statutes do not provide for a private right of action. *See Caron v. TD Ameritrade*, No. 19-CV-9015, 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) (no private right of action under 18 U.S.C § 1001); *Gronewold v. Gronewold*, No. 21-C-878, 2021 WL 3272030, at *1 (E.D. Wis. July 30, 2021) (no private right of action under 18 U.S.C. § 1621); *Bush v. Sonoma W. Holdings Inc.*, No. 21-CV-08853-JCS, 2022 WL 526159, at *3 (N.D. Cal. Feb. 22, 2022) (no private right of action under 18 U.S.C. § 1623). Further, Section 931 is part of the Longshore and Harbor Workers' Compensation Act and has no relevance to this action. Section 108.04(5) addresses employee discharge for misconduct under the Wisconsin Unemployment Insurance and Reserves Act and has no relevance to a motion for sanctions.

> denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Pursuant to this "safe-harbor" provision, a party seeking Rule 11 sanctions must first serve a motion on its opponent and allow its opponent 21 days to resolve the alleged issue(s) before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). Nowhere in any of his filings does Stevenson state that he complied with the Rule 11 safe-harbor provision by first serving Elite, Attorney Johnson, and Sankey with a copy of the motion and giving them a chance to resolve the underlying issues without Court intervention. Fed. R. Civ. P. 11(c)(2).

Even if it were not procedurally barred, Stevenson's motion would fail on its merits. Rule 11 is meant to address documents presented *to the Court*. Fed. R. Civ. P. 11(b). Stevenson's grievances against Elite and Attorney Johnson relate to statements allegedly made by Elite representatives to the Wisconsin Unemployment Insurance Division. ECF No. 33 at 1–3. These statements are not before this Court; thus, they cannot be the subject of a Rule 11 motion. Further, these statements involve Stevenson's employment status. Stevenson's employment status is one of the central issues in this case. Stevenson is free to argue his employment status with relevant evidence at the appropriate time (which is not now).

Stevenson's grievances against Attorney Johnson and Sankey relate to alleged bias, prejudice, delay, obstruction, and the like. ECF No. 45 at 2–3. Beyond Stevenson's conclusory allegations, there is no evidence of such misconduct by either Attorney Johnson or Sankey. *Id.* To the contrary, Attorney Johnson and Sankey have both filed declarations indicating that Stevenson has left *them* a combined seven voicemails threatening, among

other things, sanctions and criminal prosecution. ECF Nos. 39, 40, 43.[6] Stevenson left these voicemails at all hours of the night over the course of multiple days. *Id.* While Attorney Johnson and Sankey have not moved for relief, the Court directs Stevenson to cease calling Attorney Johnson and Sankey unless the subject of his calls is rationally related to this case. The Court further directs Stevenson to leave no more than one voicemail for either Attorney Johnson or Sankey until he receives a call back.

### 3.2 Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37, by its terms, deals only with discovery-related misconduct. Rule 37 authorizes an award of sanctions when a litigant fails to (1) obey a court order permitting discovery, (2) disclose or supplement the information and witness identities required by Rule 26(a) and (e), (3) admit information later proven true under Rule 36, (4) attend its own deposition or respond to discovery requests, (5) preserve evidence, or (6) participate in preparing a Rule 26(f) discovery plan. Fed. R. Civ. P. 37.

The portion of Rule 37 cited by Stevenson—Rule 37(e)(2)—refers to sanctions for spoliation of evidence. Stevenson does not allege spoliation here. Indeed, the only reference to discovery in Stevenson's filings is in his third declaration,[7] where he alleges that Attorney Johnson and Sankey sent him documents he cannot access. ECF No. 45 at 3.

---

[6] The declarations attach transcripts of the voicemails. *Id.* The Court also received flash drives containing audio files of the voicemails. ECF Nos. 39, 43.

[7] The Court construes Stevenson's third declaration as a reply brief. While "it is well established that arguments raised for the first time in a reply brief are waived," *Nationwide Insurance Co. v. Central Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013), in the interest of justice as Stevenson is a pro se litigant, the Court will consider the argument. *Erickson*, 551 U.S. at 94.

Under Federal Rule of Civil Procedure 37, the motion does not comply with the Eastern District of Wisconsin's Civil Local Rule 37.[8] Civil Local Rule 37 provides certain procedures litigants in this District must follow before filing a discovery-related motion. Here, Stevenson failed to provide a certification that he conferred in good faith with Elite prior to filing his motion. The local rule envisions a sincere and productive discussion intended to resolve discovery disputes without intervention of the Court. A discovery motion filed by any party must include the date and time of such discussions, as well as the names of all parties participating in those discussions. *See* E.D. Wis. Civ. L.R. 37. Prior to any such meet-and-confer regarding Stevenson's issues accessing documents, a motion for sanctions is wholly premature. The Court will deny Stevenson's motion for sanctions against Elite, Attorney Johnson, and Sankey.

**4.      MOTION TO COMPEL DISCOVERY**

As with Stevenson's motion for sanctions (as construed under Federal Rule of Civil Procedure 37), neither of the filings underlying Steven's motion to compel complies with the Eastern District of Wisconsin's Civil Local Rule 37, which requires a meet-and-confer certification prior to filing the motion. *See supra* Section 3.2. Because Stevenson did not comply with this rule, his motion will be denied. Further, the Court's Trial Scheduling Order, ECF No. 31, does not include any discovery-related deadlines or orders. Thus, the joint discovery plan submitted by Elite is simply that—a plan. Stevenson must confer with Elite on the scope of discovery.

---

[8] *See* United States District Court for the Eastern District of Wisconsin, *Local Rules and Guidance* (Jan. 3, 2022), https://www.wied.uscourts.gov/local-rules-and-guidance.

5.  **REQUEST FOR RECUSAL OF JUDGE LUDWIG**

Stevenson's request for the recusal of Judge Ludwig from *Stevenson v. General Mills Inc.*, 21-CV-1052-BHL (E.D. Wis.) is identical in substance to the motion Stevenson filed in that case. Judge Ludwig already denied that motion. *Compare Stevenson v. General Mills Inc.*, 21-CV-1052-BHL (E.D. Wis. Mar. 2, 2022), ECF Nos. 22, 23, *with* ECF No. 46. This Court does not have authority to decide Stevenson's request in this action and will deny it.

6.  **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Elite's partial motion to dismiss. ECF No. 22. The Court denies Elite's partial motion to dismiss as to Stevenson's breach of contract and misclassification claims. The Court grants Elite's partial motion to dismiss as to Stevenson's claims for fraud, defamation, employer negligence, emotional distress, loss of wages, and labor abuse crimes. The Court denies Stevenson's motion for sanctions. ECF No. 32. The Court denies Stevenson's motion to compel discovery. ECF Nos. 29, 37. The Court denies Stevenson's request for the recusal of District Court Judge Brett H. Ludwig from *Stevenson v. General Mills Inc.*, 21-CV-1052-BHL (E.D. Wis.). ECF No. 46.

Accordingly,

**IT IS ORDERED** that Defendant Elite Staffing Inc.'s partial motion to dismiss, ECF No. 22, be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Plaintiff Melvin Stevenson, Jr.'s claims for defamation, employer negligence, emotional distress, loss of wages, and labor abuse crimes, ECF No. 1–2 at 3, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** Plaintiff Melvin Stevenson, Jr.'s fraud claim, ECF No. 1–2 at 1, be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Melvin Stevenson, Jr.'s motion for sanctions, ECF No. 32, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Melvin Stevenson, Jr.'s motion to compel discovery, ECF. Nos. 29, 37, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Melvin Stevenson, Jr.'s request for recusal of District Court Judge Brett H. Ludwig from *Stevenson v. General Mills Inc.*, 21-CV-1052-BHL (E.D. Wis.), ECF No. 46, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge