# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MELVIN STEVENSON, JR.,<br><br>                  Plaintiff,<br>v.<br><br>ELITE STAFFING, INC.,<br><br>                  Defendant. | Case No. 21-CV-1072-JPS<br><br>**ORDER** |

      On July 7, 2022, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 53. Defendant timely opposed the motion on July 22, 2022. ECF No. 60; *see also* Civ. L.R. 7(b) ("For all motions other than those for summary judgment or those brought under Civil L.R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion."). On July 27, 2022, Plaintiff filed a document titled "Motion to strike defendant Memorandum in opposition in plaintiff motion to amend complaint." ECF No. 61.

      Plaintiff brings his motion to strike under Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* at 1 (citing Fed. R. Civ. P. 12(f)). Although in the section of the Federal Rules pertaining to answering initial pleadings, some courts within the Seventh Circuit have applied Rule 12(f) to strike portions of briefs. *See, e.g.*, *Stanley C. v. M.S.D. of S.W. Allen Cnty. Schs.*, No. 07-CV-169, 2008 WL 3288622, at *1 (N.D. Ind. Aug. 8, 2008) (striking portions of reply brief under Rule 12(f) due to party's violation of local rules); *but see*

*E.E.O.C. v. Admiral Maint. Serv.*, 174 F.R.D. 643, 646–47 (N.D. Ill. 1997) (holding that Rule 12(f) does not apply to motion briefing).

Notwithstanding the split in authority as to the application of Rule 12(f), "[a]s a general rule, motions to strike are disfavored and infrequently granted." *Black v. Long Term Disability Inc.*, 373 F. Supp. 2d 897, 904 (E.D. Wis. 2005). Here, Defendant's opposition to Plaintiff's motion to amend his complaint is neither untimely, nor does it violate any rules. Plaintiff's grievances with the substantive content of the brief, though difficult to discern, appear to be limited to his desire to see his motion granted.[1] The Court will decline Plaintiff's invitation to "tamper with [the] pleadings," and will not strike Defendant's opposition brief. *Id.* Under the Eastern District of Wisconsin's Local Rules governing non-dispositive motions, a moving party has 14 days from the date the responding party filed its opposition to file its reply brief. Civ. L.R. 7(c). An additional three days are added when service is made by mail. Fed. R. Civ. P. 6(d). Accordingly, Plaintiff's reply brief in support of his motion for leave to amend his complaint would be due on August 8, 2022. In this instance, due to Plaintiff's intervening motion to strike, the Court will give Plaintiff three extra days, or until **August 11, 2022**, to file a reply brief in support of his motion for leave to amend his complaint. The Court will not entertain any

---

[1] Plaintiff appears to confuse Federal Rule of Civil Procedure 8(b)(2), which allows a cause of action to be pleaded in the alternative, with Federal Rule of Civil Procedure 15, which governs the amendment of pleadings. An amended complaint is not an alternative pleading of a cause of action, but rather replaces the initial complaint in its entirety. "[A]n amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

further motions to strike. *See, e.g.*, *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) ("[M]otions to strike . . . are often interposed to create a delay.").

The Court cautions Plaintiff, however, that his motion for leave to amend his complaint is unlikely to be granted. The Court issued its order on Defendant's motion to dismiss on May 3, 2022, in which it explained several prior occasions that it afforded Plaintiff to amend his complaint before ruling on a motion to dismiss. ECF No. 47 at 3–4. Thereafter, two months passed; Plaintiff did not file a motion for leave to amend his complaint until July 7, 2022, which was approximately one week before the Court's July 15, 2022 summary judgment deadline. ECF No. 53. The Court set the July 15, 2022 summary judgment deadline on December 13, 2021. ECF No. 31. Consequently, Plaintiff's delay in moving for leave to amend his complaint appears to be a tactic to avoid summary judgment. Leave to amend a complaint is inappropriate where there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Nearly all of these factors are present here.

In the same vein, Plaintiff's motion for leave to amend his complaint, filed one week before the summary judgment deadline, **does not affect the pendency of Defendant's July 15, 2022 summary judgment motion**. ECF No. 56. As mentioned, Plaintiff is free to file a reply brief in support of his motion for leave to amend his complaint by August 11, 2022. Given, however, that the Court already discerns several factors in favor of denying

such leave, Plaintiff's efforts may be better focused on preparing an opposition to Defendant's summary judgment motion.

Under the Eastern District of Wisconsin's Local Rules governing motions for summary judgment and the Federal Rules of Civil Procedure, Plaintiff's opposition to Defendant's July 15, 2022 summary judgment motion is due on or before **August 18, 2022**. Civ. L.R. 56(2) ("Each party opposing a motion for summary judgment must file [its opposition] within 30 days of service of the motion."); Fed. R. Civ. P. 6(d) (adding an additional three days when service is made by mail). As the Court warned Plaintiff in its July 5, 2022 order, which granted Defendant leave to file its proposed statement of facts with its motion for summary judgment due to Plaintiff's failure to follow the Court's meet-and-confer directives,[2] if Plaintiff neglects to oppose the summary judgment motion, or any arguments raised therein, the Court will grant the motion, or any unopposed arguments. ECF No. 52 at 3.

Accordingly,

**IT IS ORDERED** that Plaintiff Melvin Stevenson, Jr.'s motion to strike, ECF No. 61, be and the same is hereby **DENIED**; and

---

[2]In his motion to strike, Plaintiff states that "[s]ummary judgment is not appropriate because of lack of stipulation of the parties for agreed upon fact." ECF No. 61 at 1 [*sic* throughout]. The Court's July 5, 2022 order held to the contrary. Because Plaintiff flouted the Court's order, ECF No. 31, and refused to meet and confer on agreed-upon facts, the facts submitted by Defendant are the only facts the Court will consider on its review of Defendant's summary judgment motion. ECF No. 52. Moreover, the facts submitted by Defendant, ECF No. 58-1, are taken entirely from Plaintiff's complaint and his deposition transcript; thus they cannot be an effort to "twist the pro se word," as Plaintiff avers. ECF No. 61 at 1. Finally, filing a summary judgment motion in accordance with the Court's trial scheduling order is not an effort to "circumvent the litigation process." *Id.* Plaintiff's motion to strike, on the other hand, does so appear to be.

**IT IS FURTHER ORDERED** that Plaintiff Melvin Stevenson, Jr. is granted an additional three days, or until **August 11, 2022**, to file a reply brief in support of his motion for leave to amend his complaint, ECF No. 53, but that his motion for leave to amend his complaint **does not affect the pendency of Defendant Elite Staffing, Inc.'s summary judgment motion**. Under the Eastern District of Wisconsin's Local Rules, Plaintiff's response to Defendant's summary judgment motion is due on or before **August 18, 2022**.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge