# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON, JR.,

        Plaintiff,

v.

ELITE STAFFING, INC.,

        Defendant.

Case No. 21-CV-1072-JPS

**ORDER**

**1.**     **INTRODUCTION**

On September 21, 2022, the Court issued an order on Defendant's motion for summary judgment. ECF No. 71. That order dismissed all of Plaintiff's remaining claims with prejudice. *Id.* The same day, the Court entered judgment dismissing the action with prejudice. ECF No. 72. The Court mailed the summary judgment order and judgment to Plaintiff the same day. In its order, the Court informed the parties that

> A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). *Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).* Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the

> judgment. The Court cannot extend this deadline. *See id. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.*

ECF No. 71 at 23 (italicized emphasis added). On October 20, 2022, Plaintiff filed a motion "[p]ursuant to rule 59," in which he asks the court to "alter or amend judgment or for a new trial." ECF No. 73 at 1. Federal Rule of Civil Procedure 59(a) through (d) govern motions for a new trial after a trial has taken place. Plaintiff has not been to trial; therefore, he may not now move for a new trial. Thus, the Court disregards that portion of Plaintiff's motion, and turns to his motion to alter or amend judgment under Rule 59(e). On November 3, 2022, Defendant filed an opposition to the motion. ECF No. 75. To date, Plaintiff has not filed a reply brief, and his time to do so has lapsed. Civ. L.R. 7(c).

2. **RULE 59(e)**

Plaintiff's Rule 59(e) motion is untimely. Rule 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." The same was reiterated in the Court's order on Defendant's motion for summary judgment. *See supra* p. 1. The order also instructed the parties to closely review all applicable rules to determine what, if any, further action to take.

The Court's order and judgment were entered on September 21, 2022. Thus, Plaintiff's deadline to move for relief under Rule 59(e) was October 19, 2022. Plaintiff's motion was filed on October 20, 2022. Although Plaintiff's certificate of service indicates that he mailed the motion to Defendant on October 19, 2022, ECF No. 73-2, the motion was not filed with the Court until it was received by the Clerk of Court. The Clerk of Court stamped the motion on October 20, 2022 at 12:54 p.m. ECF No. 73 at 1. The

Court has independently confirmed with the Clerk's Office that it received the motion on October 20, 2022, and stamped it as soon as it came in. "The general rule in federal court is that the date on which the clerk receives the pleading, not the date on which the pleading was mailed, is the date on which the pleading is filed." *Purchase v. Colvin*, No. 15-CV-1075-JPG-CJP, 2016 WL 6963301, at *2 (S.D. Ill. Nov. 29, 2016) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006)). While pro se prisoners are entitled to a "mailbox rule" that renders their documents filed "at the moment the prisoner places it in the prison mail system," that rule "does not extend to pro se litigants like plaintiff, who are not incarcerated." *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015); *Purchase*, 2016 WL 6963301, at *2.

The fact that Plaintiff received the summary judgment order and judgment of dismissal by mail, and that he filed his Rule 59(e) motion by mail, did not and does not enlarge his October 19, 2022 deadline to file the motion. Federal Rule of Civil Procedure 6(d) affords a party three extra days after a time period would otherwise expire "[w]hen a party may or must act within a specified time after being served and service is made by . . . mail." However, this rule "applies only to documents 'served' on opposing counsel, not to documents such as complaints or notices of appeal that must be filed in court." *Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004). As a result, the Seventh Circuit has "join[ed] every circuit that has ruled on this precise issue and conclude[d] that Rule 6(d)—formerly Rule 6(e)—does not extend the deadline for Rule 59(e) motions." *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("Williams insists that he had three extra days to ask for reconsideration because he received the dismissal by mail, see Fed. R. Civ. P. 6(d), but that rule enlarges the filing time only when the period for acting runs from the service of a notice, not when the time begins after the entry

of judgment, as it did here."). Thus, Plaintiff's Rule 59(e) motion was filed late. The Court has no discretion over its timeliness and may not extend the deadline. Fed. R. Civ. P. 6(b)(2).

**3.    RULE 60(b)**

The Seventh Circuit has "established a bright-line rule that any [Rule 59(e)] motion for reconsideration filed after the deadline must be construed as a motion to vacate" under Rule 60(b). *Williams*, 737 F.3d at 475 (citing *Justice v. Town of Cicero, III*, 682 F.3d 662, 665 (7th Cir. 2012)). "Relief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir. 1989) (citations omitted). The grounds for Rule 60(b) relief are:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only grounds potentially applicable to Plaintiff's motion are the first, second, third, and sixth. The majority of Plaintiff's motion is comprised of legal argument regarding the claims (or proposed claims) that the Court adjudicated on summary judgment, ECF No. 71, or in its prior order on Defendant's motion to dismiss, ECF No. 47. ECF No. 73 at 1–16. The legal argument is either a rehashing of arguments presented

to the Court in the parties' briefing on both motions, or a regurgitation of portions of the Court's prior orders. While judicial legal errors may be "mistakes" for purposes of Rule 60(b)(1), *Kemp v. United States*, 142 S.Ct. 1856, 1865 (2022), Plaintiff does not allege any particular judicial legal errors in either of the Court's dispositive orders.

At the end of his motion, however, Plaintiff raises nine "error [*sic*] and mistakes." ECF No. 73 at 16. First, Plaintiff notes that the specific racial epithet to which he was referred by his alleged perpetrator was the n-word. *Id.* Second, Plaintiff argues that he "misspoke and meant that he was a temporary employee of elite [*sic*]." *Id.* Third, Plaintiff alleges that he was "surprised" by the Court's summary judgment schedule. *Id.* Fourth, Plaintiff avers that he was "confused" by language in the Court's orders and, during the Court-ordered meet-and-confer on a stipulated statement of facts for summary judgment, was "manipulated and . . . not given proper counsel by defendant party Elite." *Id.* Fifth, Plaintiff argues that he "wanted to relate back to the contract employment with general mills he was trying to talk about with third declaration of sanctions." *Id.* [*sic* throughout]. Sixth, he contends that an employee disciplinary report "mentioned in the 26a report as evidence" indicates that one of his alleged perpetrators was not unstable or on drugs, as was undisputed at summary judgment. *Id.* Seventh, he contends that a manager "was on drugs" and that his alleged perpetrator "was more of a drug dealer." *Id.* Eighth, he simply attaches his original complaint. *Id.* Finally, Plaintiff argues that Defendant's rebuttal statement submitted to the Equal Employment Opportunity Commission ("EEOC") prior to the institution of these proceedings indicates that he was fired "because of swearing and cursing," and not because of insubordination, as was undisputed on summary judgment. *Id.* at 16–17.

The Court takes up each alleged error and mistake in turn, and notes under which Rule 60(b) ground it construes each argument. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013). The Rule 60(b) subsections "are not overlapping," meaning that the Court must analyze each argument under one proper subsection. *Id.*

In support of his first argument, Plaintiff attaches his original complaint to prove that the racial epithet used by his alleged perpetrator was the n-word. ECF No. 73-1 at 188. The Court construes this alleged error as arising under Rule 60(b)(1). However, the Court considered and analyzed the nature of the racial epithet, specifically that it was the n-word, in its order on Defendant's motion for summary judgment. ECF No. 71 at 19. Thus, there was no inadvertence or mistake. The Court will deny the motion on this ground.

In support of his second alleged error or mistake, Plaintiff attaches Defendant's "Employee Handbook for Temporary Employees." ECF No. 73-1. The Court construes this alleged error as arising under 60(b)(1). Plaintiff testified in his deposition that he was an employee of Defendant, which fact the Court considered in its summary judgment order in reaching its conclusion that Defendant did not misclassify Plaintiff as an independent contractor. ECF No. 71 at 12. Under Wisconsin law, a temporary employee is still an employee. *See, e.g.*, *Warr v. QPS Cos., Inc.*, 728 N.W.2d 39, 42 (Wis. Ct. App. 2006). Consequently, that Plaintiff now states that he was a temporary employee does not constitute grounds for relief under Rule 60(b)(1).

The Court construes Plaintiff's third argument under Rule 60(b)(1). As set forth at length in the Court's order on Defendant's motion for summary judgment, "[t]he court's orders regarding pretrial deadlines were

Page 6 of 10
Case 2:21-cv-01072-JPS   Filed 12/19/22   Page 6 of 10   Document 76

unambiguous, clear, direct and straightforward." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Moreover, "it is . . . well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). The Court will deny the motion on this ground.

The Court will analyze Plaintiff's fourth argument under Rule 60(b)(3). To the extent Plaintiff again raises confusion with the Court's orders, the Court has already addressed that contention. Plaintiff avers that Defendant manipulated him while attempting to meet and confer on a statement of undisputed facts for summary judgment pursuant to the Court's orders. "A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). Specifically, that party "must show []he has a meritorious claim that []he was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Id.* at 758–59. Plaintiff's argument is devoid of any support. Moreover, the statement of undisputed facts that Defendant ultimately submitted cited only to Plaintiff's own deposition transcript and complaint. ECF No. 71 at 7–9. Thus, the Court does not find "substantial danger that the underlying judgment was unjust" such that this is an "exceptional circumstance" permitting Rule 60(b) relief. *Daniels*, 887 F.2d at 790; *Wickens*, 620 F.3d at 759.

Plaintiff's fifth argument arises under Rule 60(b)(1). The argument appears to relate to the Court's footnote in its summary judgment order stating that if Plaintiff sought to amend his complaint to bring tortious interference with contract, he failed to plead the requisite elements because

he did not plead a contract with any third party. ECF No. 71 at 4 n.1. That argument is unavailing, because the Court denied Plaintiff leave to amend his complaint to bring that claim based on delay and prejudice to Defendant. *Id.* at 2–6. An attempt to establish the elements of a proposed claim at this juncture, therefore, is not proper grounds for Rule 60(b) relief.

The Court analyzes Plaintiff's sixth argument under Rule 60(b)(1). Plaintiff contends that a disciplinary report of his alleged perpetrator "prove[s]" that the latter was not unstable and on drugs. ECF No. 73 at 16. Plaintiff himself testified in his deposition that the alleged perpetrator was unstable and on drugs. ECF No. 73 at 16 (citing ECF No. 58-1 at 2). The disciplinary report that Plaintiff attaches as proof appears to be his complaint to Defendant regarding the alleged perpetrator's use of the racial epithet, on which Plaintiff does not check the box for "Drinking/drugs while on duty" under "Nature of Incident." ECF No. 73-1 at 200. Instead, Plaintiff checks the boxes for "Violation of company rules of conduct," "Lack of cooperation/teamwork," and "Failure to follow instructions." *Id.*[1]

In its order on Elite's motion for summary judgment, the Court granted summary judgment on certain claims in part because Plaintiff testified in his deposition that he believed his alleged perpetrator used a racial epithet towards him because he was unstable and on drugs, not because of his race. *See generally* ECF No. 71. Plaintiff does not explain in the instant motion how his disciplinary report changes his beliefs, to which he testified under oath, as to the *underlying reason* for the incident. Even if he did, he does not explain how this fact rises to the level of creating a

---

[1] The Court notes parenthetically that the disciplinary report is signed and dated by Plaintiff on October 20, 2022, which leads the Court to doubt its authenticity. ECF No. 73-1 at 200.

"substantial danger" of an unjust judgment. *Daniels*, 887 F.2d at 790. Moreover, in his seventh argument, Plaintiff alleges that the same individual is a drug dealer. Thus, for these same reasons, Plaintiff's seventh argument, also arising under Rule 60(b)(1), is unavailing.

The Court construes Plaintiff's eighth alleged error, which simply notes that he attaches his original complaint to his motion, as arising under Rule 60(b)(6). The Court denies relief on this argument. Finally, the Court analyzes Plaintiff's ninth argument—that Defendant argued before the EEOC that Plaintiff was fired for swearing and cursing and not insubordination—under Rule 60(b)(1). The Court does not find any discernable difference between swearing and cursing on the one hand and insubordination on the other. Nonetheless, Plaintiff does not explain how this distinction would lead to an unjust judgment. In its order on Elite's motion for summary judgment, the Court granted summary judgment on certain claims in part because Plaintiff testified that he was ordered not to return to a job site due to insubordination, not due to retaliatory motive. *See generally* ECF No. 71. In the instant motion, Plaintiff continues to represent that "[t]o the plaintiff's knowledge he was fired for insubordination." ECF No. 73 at 16. Thus, the Court will deny Rule 60(b) relief on this ground.

4. **CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion for relief from judgment. ECF No. 73.

Accordingly,

**IT IS ORDERED** that Plaintiff Melvin Stevenson, Jr.'s motion for relief from judgment, ECF No. 73, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge